IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DESIGN PAC INT'L,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-1731-L** |
| | § | |
| **CUSTOM DIRECT, INC.,** | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the court are the Findings and Recommendation of the United States Magistrate Judge, filed May 28, 2009.  The magistrate judge recommends granting Defendant's Motion to Compel Arbitration, field April 1, 2009.  Plaintiff timely filed objections on June 8, 2009, and Defendant responded to the objections on June 17, 2009.

Defendant moves to compel arbitration of Plaintiff's claims and alleges that the claims are within the scope of an arbitration agreement that is part of the parties' Non-Solicitation Non-Disclosure Agreement ("Non-Solicitation Agreement").  Plaintiff responds that its claims are not within the scope of the arbitration agreement, but rather that they are based entirely upon two separate purchase orders that do not include arbitration agreements.

The magistrate judge found that the arbitration agreement in the Non-Solicitation Agreement was a broad agreement that included claims that arise out of or relate to the agreement and that Plaintiff's claims "touch" upon the Non-Solicitation Agreement and are therefore within the agreement's scope.  The magistrate judge recommends granting the motion to compel arbitration, compelling arbitration, and dismissing Plaintiff's claims without prejudice.

**Order – Page 1**

Plaintiff objects to the magistrate judge's report and argues that its claims in this action are not related to the Non-Solicitation Agreement. It contends that the purchase orders and the Non-Solicitation Agreement were not executed contemporaneously and that the first purchase order was signed three months before the Non-Solicitation Agreement. It relies upon *I.D.E.A. Corp. v. WC&R Interests, Inc.*, 545 F. Supp. 2d 600, 608 (W.D. Tex. 2008), and asks the court to reject the magistrate judge's recommendation.

In response, Defendant argues that Non-Solicitation Agreement includes an addendum stating that it relates only to neck wraps, the subject of the purchase orders, that the Non-Solicitation Agreement refers to and incorporates the purchase orders at issue, and that the agreement was signed before any neck wraps had been shipped. Defendant contends that *I.D.E.A. Corp.* is not analogous because the two contracts in that case did not directly relate to one another; in this case, the only reason the Non-Solicitation Agreement was signed was to provide for certain rights in connection with the manufacture of the neck wraps.

The court has reviewed the arguments and cases cited by the parties, and concludes that Plaintiff's claims do touch upon the Non-Solicitation Agreement and therefore fall within the scope of its arbitration agreement. Unlike in *I.D.E.A. Corp.*, which involved a narrow arbitration agreement, the disputed section here is a broad arbitration provision. The Non-Solicitation Agreement also refers to contracts between Plaintiff and Defendant. Accordingly, the court finds that this situation is more similar to *Personal Security & Safety Systems, Inc. v. Motorola Inc.*, 297 F.3d 388 (5th Cir. 2002), and therefore Plaintiff's claims fall within the scope of the arbitration provision. The court therefore **overrules** Plaintiff's objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court **grants** Defendant's Motion to Compel Arbitration and hereby **compels** the parties to arbitrate Plaintiff's claims in accordance with paragraph 7 of the Non-Solicitation Agreement. The court **rejects** the magistrate judge's recommendation that this action be dismissed without prejudice. Because all of Plaintiff's claims fall within the scope of the arbitration agreement, the court **dismisses** this action **with prejudice**. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999).

**It is so ordered** this 22th day of June, 2009.

Sam A. Lindsay
United States District Judge

**Order – Page 3**